UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER JOHN DIAZ-CASTRO,<br><br>      Petitioner,<br> v.<br>BRIAN WILLIAMS, *et al.*,<br><br>      Respondents. | Case No. 2:23-cv-01508-ART-BNW<br><br>ORDER |

  Petitioner Christopher John Diaz-Castro, a *pro se* Nevada prisoner, initiated this case by submitting a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Diaz-Castro's Motion to Reopen (ECF No. 9). For the reasons discussed below, the Court grants Diaz-Castro's Motion to Reopen, directs service of the petition, and is inclined to appoint counsel, *sua sponte*, to represent Diaz-Castro.

  Diaz-Castro challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Diaz-Castro*, Case No. C-18-328936-1.[2] The state court entered a judgment of conviction pursuant to a guilty plea for one count of attempt sexual assault with a minor under sixteen years of age, one count of attempt lewdness with a child under the age of fourteen, and one count of preventing dissuading witness from testifying or producing evidence. The state court sentenced Diaz-Castro to an aggregate term of 10 to 30

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

years. Diaz-Castro did not file a direct appeal.

In September 2020, Petitioner filed a state petition for writ of habeas corpus. The state court denied post-conviction relief and the Nevada Court of Appeals affirmed the denial of relief in May 2023, and a remittitur issued the following month. In September 2023, Petitioner initiated this federal habeas corpus proceeding *pro se.* (ECF No. 1.) The Court denied his application to proceed *in forma pauperis* (IFP) for incarcerated litigants because the supporting documents showed he is able to pay the $5 filing fee. (ECF No. 5.) The Court ordered Diaz-Castro to pay the $5 filing fee no later than November 30, 2023. *Id.*

In January 2024, the Court dismissed this action without prejudice based on Diaz-Castro's failure to comply with the Court's order. However, it appears that a member of Diaz-Castro's family paid the filing fee on November 17, 2023. (ECF No. 11.) Accordingly, the Court dismissed this action without prejudice in error and grants Diaz-Castro's motion to reopen. Having conducted an initial review, the Court will direct service of the petition.

In addition, the Court is inclined to appoint counsel, *sua sponte,* to represent Diaz-Castro finding it is in the interests of justice taking into account the lengthy sentence structure and because the petition may raise relatively complex issues. Before the Court appoints counsel, however, Diaz-Castro will have 30 days from the date of entry of this order to file an objection to the appointment of counsel to represent him in this habeas matter. If Diaz-Castro does not file an objection within 30 days from the date of entry of this order, the Court will provisionally appoint the Federal Public Defender as counsel to undertake direct representation of Diaz-Castro. If the Federal Public Defender is unable to represent Diaz-Castro, the Court will appoint alternate counsel. The counsel appointed will represent Diaz-Castro in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

1       It is therefore ordered that Petitioner Christopher John Diaz-Castro's
2 Motion to Reopen (ECF No. 9) is granted.

3       It is further ordered that Diaz-Castro has 30 days to file an objection to the
4 appointment of counsel to represent him in all federal proceedings related to this
5 matter.

6       It is further ordered that the Clerk of Court is directed to add Nevada
7 Attorney General Aaron D. Ford as counsel for Respondents and to provide
8 Respondents an electronic copy of all items previously filed in this case by
9 regenerating the notice of electronic filing to the Nevada Attorney General's office
10 only.

11      It is further ordered that the Court will issue an order setting a briefing
12 schedule following the deadline for Diaz-Castro to file an objection to the
13 appointment of counsel. If counsel is appointed, a deadline for the filing of an
14 amended petition and/or seeking other relief will be set after counsel has entered
15 an appearance. The Court anticipates a deadline of approximately 90 days from
16 entry of the formal order of appointment.

17      Dated this 29th day of April 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE