UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER JOHN DIAZ-CASTRO, | Case No. 2:23-cv-01508-ART-BNW |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, *et al.*, | |
| Respondents. | |

Petitioner Christopher John Diaz-Castro commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 7). This habeas matter is before the Court for consideration of Diaz-Castro's motion for discovery (ECF No. 33). Respondents filed their response (ECF No. 34) and Diaz-Castro replied (ECF No. 35). Also before the Court are Respondents' motion to seal (ECF No. 43) and motions to extend time (ECF No. 38, 39).

## I.    BACKGROUND

Diaz-Castro challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. The state court entered a judgment of conviction pursuant to a guilty plea for one count of attempt sexual assault with a minor under sixteen years of age, one count of attempt lewdness with a child under the age of fourteen, and one count of preventing dissuading witness from testifying or producing evidence. The state court sentenced Diaz-Castro to an aggregate term of 10 to 30 years. Diaz-Castro did not file a direct appeal.

In September 2020, Diaz-Castro filed a state petition for writ of habeas corpus. The state court denied post-conviction relief and the Nevada Court of Appeals affirmed the denial of relief in May 2023, and a remittitur issued the following month. In September 2023, Diaz-Castro initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) He attached an affidavit to his *pro se*

petition from the mother of the victim, H.A., that H.A admitted to her mother that she lied "on her statement when Diaz-Castro was arrested." (ECF No. 3 at 99.) H.A.'s mother, Loredena Gonzalez ("Loredena"), was also the girlfriend of Diaz-Castro. (ECF No. 32 at 2.)

Following the appointment of counsel in May 2024, Diaz-Castro received prior case discovery from post-conviction counsel, Jeannie Hua ("Hua"). The discovery, however, did not include a handwritten statement from H.A. from November 2017 that was referenced in a formal police interview conducted on December 10, 2017. H.A. made the handwritten statement while at the Children's Assessment Center. Diaz-Castro asserts that the case discovery does not include H.A.'s handwritten statement or the contents of any verbal statements H.A. made during her time at the Children's Assessment Center.

## II.    GOVERNING LAW

Discovery in habeas matters is governed by Rule 6(a) of the Rules Governing Section 2254 Cases, which provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  To determine whether a petitioner has established "good cause" for discovery, the Court identifies the essential elements of the substantive claim and analyzes whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief.  *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997); *Roseberry v. Ryan*, 289 F. Supp. 3d 1029, 1034 (D. Ariz. 2018). Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations in existing claims. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1990) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'").

### III.   DISCUSSION

Diaz-Castro requests leave to conduct discovery based on the omission of certain records from prior counsel's file and in support of his investigation into equitable tolling. He requests (1) an order directing the Attorney General's office to provide him his legal mail and legal call logs from High Desert State Prison between Hua and Diaz-Castro from May 5, 2023, through September 12, 2023, and (2) permission to subpoena the Clark County District Attorney's ("CCDA") office and/or Las Vegas Metropolitan Police Department ("LVMPD") for all statements made by H.A. during the course of the investigation, including any handwritten statements made by H.A. about the allegations in November 2017.

Diaz-Castro argues that his request for the legal mail and call logs are relevant to his request for equitable tolling because such discovery may show that he did not receive his case file from his post-conviction attorney until after the AEDPA statute of limitations expired despite his request for the file. In addition, he asserts that given the new evidence that H.A. has admitted to lying to the police to her mother, all of her statements about the incident are relevant to Diaz-Castro's claim that his counsel rendered ineffective assistance for failure to investigate his innocence as well as H.A.'s credibility by speaking with H.A.'s mother.

Regarding Diaz-Castro's request for his mail and call logs, Respondent asserts that the Nevada Department of Corrections ("NDOC") is the party to maintain legal mail and call logs. As such, they contend that Diaz-Castro's request should be obtained by subpoena to NDOC, rather than the Nevada Attorney General. The Court finds that Diaz-Castro has shown good cause for limited discovery. The Court will authorize issuance of a subpoena to NDOC for attorney call and mail logs from the period of May 1, 2023, to September 13, 2023.

3

Respondents argue that Diaz-Castro's request for H.A.'s statements should be denied, because under 28 U.S.C. § 2254(e), any evidence obtained would not be admissible to support his claims as Diaz-Castro failed to develop the state court record. Diaz-Castro argues that he is requesting H.A.'s recorded statements because they were part of discovery in the original case, but not in prior counsel's files, and because H.A.'s statements are relevant to evaluating whether Diaz-Castro has satisfied the relevant standard for innocence to excuse the untimeliness of his federal petition.

The Court grants Diaz-Castro's request for H.A.'s statements to permit Diaz-Castro to obtain a complete discovery file of his case. The Court authorizes issuance of a subpoena to CCDA for recorded statements made by H.A. during the course of the investigation, including any handwritten statements made by H.A. about the allegations against Diaz-Castro in November 2017.

The Court at this time does not determine whether any material obtained by Diaz-Castro in response to the subpoena will ultimately be admissible under 28 U.S.C. § 2254(e) to support his claims. Further, the Court does not make any comment about the procedural viability or merit of any of his claims. These issues will be addressed in due course.

## IV.    MOTION TO SEAL

Respondents seek leave to file under seal (ECF No. 43): Exhibit 24, Petitioner's Presentence Investigation Report ("PSI") (ECF No. 44-1), dated September 4, 2019. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5). Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court

records. Accordingly, Respondents' Motion is granted, and Exhibit 24 is considered properly filed under seal.

## V.     MOTIONS TO EXTEND

Respondents move for an extension of time to file their response to the first amended petition. (ECF Nos. 38, 39.) The Court finds the requests are made in good faith and not solely for the purpose of delay, and therefore good cause exists to grant the motions.

## VI.     CONCLUSION

It is therefore ordered that Petitioner Christopher John Diaz-Castro's Motion for Discovery (ECF No. 33) is granted. Diaz-Castro is granted leave of court to serve upon (1) NDOC a subpoena to obtain attorney call and mail logs from the period of May 1, 2023, to September 13, 2023, and (2) CCDA a subpoena for recorded statements made by H.A. during the course of the investigation, including any handwritten statements made by H.A. about the allegations against Diaz-Castro in November 2017.

It is further ordered that Petitioner must serve the subpoenas within 30 days of entry of this order.

It is further ordered that Respondents' Motion to Seal (ECF No. 43) is granted. Exhibit 24 is considered properly filed under seal.

It is further ordered that Respondents' second and third unopposed motions for enlargement of time (ECF Nos. 38, 39) are granted *nunc pro tunc.*

DATED THIS 13th day of February, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE