UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER JOHN DIAZ-CASTRO, Petitioner, v. BRIAN WILLIAMS, *et al.*, Respondents. | Case No. 2:23-cv-01508-ART-BNW ORDER |

This habeas matter is brought by Petitioner Christopher John Diaz-Castro. Respondents filed a Motion to Dismiss (ECF No. 46) the first amended petition as untimely. The Court finds equitable tolling is warranted and denies Respondents' Motion to Dismiss.

## I. Background

Diaz-Castro challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. The state district court entered a judgment of conviction pursuant to a guilty plea for one count of attempt sexual assault with a minor under sixteen years of age, one count of attempt lewdness with a child under the age of fourteen, and one count of preventing dissuading witness from testifying or producing evidence. The state district court sentenced Diaz-Castro to an aggregate term of 10 to 30 years. Diaz-Castro did not file a direct appeal.

In September 2020, Diaz-Castro filed a state petition for writ of habeas corpus. The state district court denied post-conviction relief and the Nevada Court of Appeals affirmed the denial of relief in May 2023, and a remittitur issued the following month. In September 2023, Diaz-Castro initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) Following the appointment of counsel, Diaz-Castro filed his first amended petition. (ECF No. 32.) Respondents move to

dismiss the first amended petition as untimely arguing that he filed his original *pro se* petition beyond the expiration of the one-year statute of limitations. (ECF No. 46.)

**II. Discussion**

**a. Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding, or other collateral review is pending. 28 U.S.C. § 2244(d)(2). No statutory tolling is permitted for the time that a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Here, Diaz-Castro's conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on October 26, 2019. Diaz-Castro filed his state habeas petition on September 14, 2020, tolling the AEDPA clock. As a result, 323 days elapsed between the finality of the judgment and the filing of the state habeas petition. Tolling ended on June 5, 2023, when the remittitur issued for the order of affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day and expired 42 days later on July 18, 2023.

The parties agree that Diaz-Castro filed his federal petition after the one-year limitation period under AEDPA expired. Diaz-Castro concedes that his federal petition was filed 57[1] days after the July 18, 2023, deadline. ECF No. 56 at 3. Diaz-Castro argues that he can overcome any timeliness bar because he is entitled to equitable tolling.

---

[1] Both parties assert that Diaz-Castro's federal petition was 58 days late. The Court, however, finds his federal petition was 57 days late because the AEDPA clock restarts the following day after the Nevada appellate court issued remittitur for the order of affirmance.

**b. Equitable Tolling**

The one-year period of limitation of 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling does not stop the limitations clock the way that statutory tolling does.

An "external force"—not mere "oversight, miscalculation, or negligence"—must have caused the untimeliness. *See Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (citation omitted). In addition, a causal relationship must exist between the extraordinary circumstance and the late filing. *See, e.g., Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time for filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–599 (9th Cir. 2020).

A petitioner bears a heavy burden to show that he is entitled to equitable tolling, "lest the exceptions" to the timeliness requirement "swallow the rule." *Rudin v. Myles*, 781 F.3d 1043, 1054-55 (9th Cir. 2014) (internal quotation omitted). However, the grounds for granting equitable tolling also are highly fact-dependent, *id.*, and the equitable doctrine is to be applied flexibly on a case-by-case basis, eschewing the mechanical rules. *Holland*, 560 U.S. at 649-50. As the Ninth Circuit observed in *Rudin*, "At bottom, the purpose of equitable tolling is to 'soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having [his] day in court.'" 781 F.3d at 1055 (quoting *United States v. Buckles*, 647 F.3d 883, 891 (9th Cir. 2011)); *See, e.g., Perez v. Reubart*, 150 F.4th 1164, 1168 (9th Cir. 2025) (concluding equitable tolling appropriate

where despite diligence, petitioner was prevented from timely filing habeas petition by abandonment by postconviction counsel, lack of access to her case file, and inability to obtain a financial certificate from the prison).

Diaz-Castro argues that he is entitled to equitable tolling because his state postconviction counsel failed to timely inform him of the state appellate court's final decision and failed to promptly send him his case file. In addition, because Diaz-Castro was not familiar with the legal process or jargon, a fellow inmate law clerk, Jesse Ross, provided him assistance in drafting his federal habeas petition. Due to extensive lockdowns, prison personnel shortages, and placement in different pods, however, it was very difficult for Diaz-Castro and Ross to meet in person and finalize Diaz-Castro's federal petition.

Although the Nevada Court of Appeals issued its order of affirmance on May 8, 2023, postconviction counsel did not attempt to inform Diaz-Castro of the order of affirmance until May 26, 2023. In addition, postconviction counsel attempted to send Diaz-Castro a letter with his case file enclosed on July 5, 2023. Nevada Department of Corrections records, however, demonstrate that letters and enclosed documents from postconviction counsel were not received by Diaz-Castro during the relevant time period. Moreover, it was not until July 24, 2024, after the AEDPA deadline expired, that postconviction counsel communicated that remittitur had been issued and attached requested state court records upon request from Diaz-Castro's sister.

The Court determines that equitable tolling is warranted during the 57-day time period from the date that statutory tolling ended and Diaz-Castro filed his federal habeas petition. The Court finds that Diaz-Castro did not become aware that the Nevada appellate court issued remittitur until after the AEDPA deadline expired. In addition, Diaz-Castro did not receive his case file from his postconviction counsel. *See, e.g.*, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027–28 (9th Cir. 2005) (reiterating, "it is 'unrealistic to expect [a habeas

petitioner] to prepare and file a meaningful petition on his own within the limitations period' without access to his legal file .. ..” and holding equitable tolling warranted where petitioner was unable to access his legal file for 11 months and received it only a little over a month before his deadline) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003)). Extensive lockdowns, prison personnel shortages, and Diaz-Castro's placement in a different pod from the inmate law clerk that was assisting him stood in the way of Diaz-Castro timely filing his federal habeas petition.

The Court finds that Diaz-Castro acted with reasonable diligence throughout the limitation period. *Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001) (describing a petitioner as reasonably diligent even when he waited 21 months to hear from a state court before seeking an update). The Court concludes that the specific circumstances and confluence of factors of Diaz-Castro's case warrant equitable tolling of the AEDPA limitations period. Accordingly, Diaz-Castro is entitled to equitable tolling and the motion to dismiss the petition as untimely is denied.

**III. Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 46) is denied.

It is further ordered that Respondents have until November 30, 2026, to file their answer.

It is further ordered that Phillips has 60 days after service of the answer to file his reply.

DATED THIS 24th day of September 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE